# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff** <br> v. <br> **LAWRENCE ALEXANDER TIDWELL,** <br> **Defendant** | **CASE NO. 1:14-CR-0122 AWI BAM** <br><br> **ORDER ON MOTION FOR COPY OF SENTENCING TRANSCRIPT** <br><br> (Doc. No. 32) |

On July 6, 2015, Defendant pled guilty to violations of 21 U.S.C. § 841 (manufacture of marijuana) and 18 U.S.C. § 922 (felon in possession of a firearm). Pursuant to the plea bargain signed by Defendant, Defendant waived *inter alia* "his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255." Doc. No. 20 at p.3. On October 26, 2015, Defendant was sentenced to a term of 96 months in prison. Judgment and commitment were entered on October 27, 2015.

On April 29, 2019, Defendant filed a pro se motion for copies of the sentencing transcript. See Doc. No. 30. The Court denied this motion because no explanation or authority was cited in support of the motion. See Doc. No. 31.

On May 28, 2019, Defendant filed a second motion for sentencing transcripts. See Doc. No. 32. Defendant cited 28 U.S.C. § 753 and explained that he needs the transcripts in order to determine "if he has enough evidence to pursue with a motion to adjust and/or reduce his sentence is solely based on statements made during the petitioner's sentencing phase." Id.

"Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a [28 U.S.C. §] 22255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993) (citing 28 U.S.C. § 753(f)).

Here, based on Defendant's representations, it appears that he is attempting to determine whether he has a basis for filing a habeas petition, although he does not identify which statutory provision may provide him relief relating to his sentence. Assuming that Defendant is seeking to determine whether to file a § 2255 petition, he is not entitled to a copy of the sentencing transcript pursuant to § 753(f). Defendant has not demonstrated a non-frivolous basis for filing a § 2255 petition because he admits that he is uncertain if he even has a viable basis for relief. Further, Defendant would face two significant hurdles to filing a non-frivolous § 2255 petition. First, his conviction has been final for several years, which implicates the one-year statute of limitation for filing a § 2255 petition. See 28 U.S.C. § 2255(f). Second, as part of his plea bargain, he agreed not to challenge his sentence through a § 2255 petition. Such waivers, with limited exception, are enforceable. See United States v. Linear, 574 F.3d 668, 672 (9th Cir. 2009); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992).

Because Defendant has not met the requirements of § 753(f), his request will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for transcripts (Doc. No. 32) is DENIED.

IT IS SO ORDERED.

Dated: May 30, 2019

_____
SENIOR DISTRICT JUDGE